S. Rabe v. Otto Jourdan.

Decided May 15, 1907.

**Stolen Property—Demand—Intermingling Goods.**

Where the purchaser of stolen goods so intermingles them with his own goods as to render their identification by the owner impossible, such act amounts to a refusal to deliver them to the owner on demand.

Appeal from the District Court of the 57th Judicial District, Bexar County. Tried below before the Hon. A. W. Seeligson.

*Carlos Bee, Harry Hertzberg* and *Claud V. Birkhead,* for appellant.

*A. B. Cowen* and *J. J. Sweeny,* for appellee.—The wrongful mingling of one's own goods with those of another when the question of identification of property arises, throws upon the wrongdoer the burden of pointing out his own goods; and if this can not be done, he must bear the loss which results from it. It is but an application of the principle that all things are presumed against the spoliator, that is, against one who wrongfully destroys or suppresses evidence. Holloway Seed Company v. City National Bank, 92 Texas, 187; Johnson v. Hocker, 39 S. W. Rep., 406; Lang v. Dougherty, 74 Texas, 232; Johnson v. Hocker, 39 S. W. Rep., 406; Stone v. Marshall Oil Co., 65 L. R. A., 218, and cases cited; Dwight on Persons and Personal property, 486; Sutherland on Damages, sec. 101.

James, Chief Justice.—Otto Jourdan sued appellant, alleging the theft from his house of a lot of rings and gems by a ten-year-old boy, from whom they were afterwards purchased by appellant, for a small sum of money, and under circumstances that would have put an ordinarily prudent person on notice that the property was stolen. The petition also alleged that plaintiff had demanded of appellant the return thereof, and that the latter had refused to do so, and stated that he had mingled and confused it with his own property in such a manner that it was impossible for him to identify the articles. Their value was alleged to have been $2,309, for which judgment was asked. The boy was also sued, but was dismissed.

Appellant pleaded general denial, and specially denied any demand or refusal, and alleged that when plaintiff called on him for information about the goods, he advised him that if he had any of plaintiff's property, he was ready to deliver it upon proper identification, and offered to let plaintiff inspect all property in his possession, and to deliver to him any such property identified by him, and has been at all times and is now ready to do so. The verdict was for plaintiff for $1,052.

The first assignment of error complains that the verdict was against the evidence and contrary to the following instruction: "If you find from the evidence that the plaintiff demanded from the defendant the goods that the defendant had purchased from the boy who had stolen same from the plaintiff, and you further find that the de-

fendant refused, after said demand, if any, to give to the plaintiff said goods, then you are instructed to return a verdict for the plaintiff for the reasonable market value at San Antonio of the goods that you find from the evidence that defendant purchased from the boy who had stolen same from plaintiff, but, unless you do so find, your verdict must be for the defendant."

The facts that are assumed in this charge, show that the sole issue was whether or not plaintiff demanded from defendant the goods he purchased from the boy and defendant refused to give them to him. No other issue was requested to be submitted, and the correctness of the above charge is not brought into question. We have examined the testimony and ascertain that there was evidence which would warrant a finding that the goods received by defendant were so intermixed with defendant's stock that defendant stated, when asked for them, that he himself was unable to select them. It is true that he says he told plaintiff to pick them out and he would let him take them; but plaintiff testified that he was unable to select them and told defendant so. There can be no doubt that there was evidence of a demand; of a confusion of the goods, consisting largely of loose stones, with property of defendant, and of both plaintiff's and defendant's inability to identify and select them, which practically amounted to a refusal of plaintiff's demand for them, inasmuch as the result of the confusion of the goods, was chargeable to defendant. The demand was sufficiently shown to be refused, if it appeared that defendant had placed himself in a position that rendered compliance impracticable. For these reasons the first, and also the third and fourth assignments of error are overruled.

The second assignment alleges that the verdict is against the evidence and also contrary to the following clause of the charge: "If you find from the evidence that the defendant offered plaintiff an opportunity to select and take the goods that defendant had purchased from the boy, who had stolen same from the plaintiff, and the plaintiff failed and refused to select and take his goods, then the plaintiff can not recover and your verdict must be for the defendant." We are unable to say that the evidence shows conclusively that plaintiff had an opportunity offered him by defendant to take his goods, and failed and refused to do so. If, as appears from some of the evidence, plaintiff's goods had been so disposed of by defendant, that neither was able to distinguish them, it can not be said that an opportunity was afforded plaintiff to take them. The jury may properly have found, that defendant did not in fact offer plaintiff the opportunity, although he may have said to him, "Select your goods and take them."

The fifth assignment is "that the verdict for the amount rendered is unsupported by the evidence, in that plaintiff testified that all his goods aggregating 8,497 stones were of a reasonable value of $2,309, that the testimony no where shows that defendant purchased more than ten small packages of stones, which packages did not contain more than twelve and a half dozen stones, all of which taken at the maximum value alleged by plaintiff would not exceed the sum of $171.50."

Plaintiff lost by the theft or thefts articles which he specified by

groups, with their values, aggregating according to him the value of $2,309. The testimony went to show that all that was stolen was disposed of to defendant except what the boy sold to a Mr. Schmidt and to N. Becker. The value of what went to Becker there was proof to show was under $30. And plaintiff testified that the list which he proved up as amounting to the above aggregate of value, did not include what had been sold to Schmidt. As the verdict was for $1,052, we are unable to say that the jury went beyond the evidence. We see nothing we can do but to affirm the judgment.

*Affirmed.*

Writ of error refused.